UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

DOUGLAS LONGHINI,　　　　　　　　　　　Case No.:
Individually,

Plaintiff,

v.

SRG CONCORD ENTERPRISES, INC., a
Florida Profit Corporation, d/b/a CHEVRON.

Defendant.
_____/

## COMPLAINT FOR PERMANENT INJUNCTIVE RELIEF

Plaintiff, **DOUGLAS LONGHINI**, hereby sues the Defendant, **SRG CONCORD ENTERPRISES, INC**, a Florida Profit Corporation, for Injunctive Relief, and attorney's fees, litigation expenses and costs, for failing to make its facility accessible to individuals who use wheelchairs in violation of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and alleges as follows:

### JURISDICTION & VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Plaintiff's claim is authorized by Title 42 U.S.C. §§ 12181, 28 U.S.C. §§ 2201 and 2202.

3. This Court also has pendant jurisdiction over any and all potential State law claims pursuant to Title 28 U.S.C. § 1367(a).

4. Defendant's actions or omissions complained of herein have taken place within the jurisdiction of the United States District Court for Southern District of Florida and the subject facility is located in Miami-Dade County, Florida. 28 U.S.C. § 1391.

## PARTIES

5. Defendant, **SRG CONCORD ENTERPRISES, INC**, is a registered for- profit corporation that is authorized to, and does, transact business in the State of Florida.

6. Defendant, SRG CONCORD ENTERPRISES, INC, is the owner of the commercial facility located at 11501 Quail Roost Drive, Miami, FL 33157. (hereinafter collectively referred to as "Defendant" or "Chevron" or "Defendant's facility" or "facility").

7. Defendant is the operator of the commercial facility located at 11501 Quail Roost Drive, Miami, FL 33157.

8. Plaintiff, **DOUGLAS LONGHINI**, is a resident of the State of Florida, *sui juris*, and qualifies as an individual with disabilities as defined by the ADA.

9. Plaintiff is quadriplegic and requires a wheelchair to ambulate. Plaintiff is limited in one or more major life activities, including but not limited to walking, standing, grabbing, and grasping(hereinafter referred to as the "Plaintiff").

10. Plaintiff visited Defendant's facility on or about September 15, 2015 and plans to return to Defendant's facility and place of public accommodation once the architectural barriers violating the ADA, and its corresponding sections of the American With Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), the Florida Americans With Disabilities Accessibility Implementation Act and the Florida Accessibility Code for Building Construction(hereinafter collectively referred to as "FACBC") barriers, are removed.

## GENERAL FACTS

11. Defendant, SRG CONCORD ENTERPRISES, INC, does business as QUAIL ROOST CHEVRON and/or CHEVRON.

12. Defendant's facility primary use is a gas station.

13. According to the Miami-Dade Property Appraiser Office, Defendant's facility primary use is a "Service Station".

14. Defendant operates the building that houses a place of public accommodation as defined and subject to the requirements of the ADA.

15. On September, 15, 2015, Plaintiff visited Defendant's facility to have a snack and fill up his car tank with gas.

16. Plaintiff, a wheelchair user who has limited use of his hands, was not able to, and still cannot, access significant portions of Defendant's facility or avail Plaintiff of the various goods and services otherwise offered to able bodied individuals at Defendant's facility.

17. Plaintiff was unable to access the parking lot and exit his vehicle without difficulty at the facility, unable to access the restroom and access the goods and services at the place of public accommodation bearing the business name Chevron as follows:

### ENTRANCE ACCESS AND PATH OF TRAVEL

a. The Plaintiff could not traverse through areas of the facility as the required 36" path is not provided. There is not a continuous path of travel connecting all essential elements of the facility, in violation of Sections 4.3.1 and 4.3.2 of the ADAAG, whose resolution is readily achievable.

b. The plaintiff had difficulty using some of the curb ramps as the slopes were excessive. There are curb ramps at the facility that contain excessive slopes or cross slopes in violation of Sections 4.7.2 and 4.7.5 of the ADAAG, whose resolution is readily achievable

## RESTROOM WITHIN CHEVRON

c. The Plaintiff could not use the mirror as it was mounted too high. The mirrors provided for public use in the restroom are in violation of the requirements in Section 4.19 of the ADAAG, whose resolution is readily achievable.

d. The Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes were not wrapped. The lavatory pipes were not fully wrapped or maintained in violation of Sections 4.19 and 36.211 of the ADAAG, whose resolution is readily achievable.

e. The Plaintiff could not use the toilet without assistance as the required grab bars were not provided. Compliant grab bars are not provided in the restrooms prescribed in Sections 4.16.4 and 4.26 of the ADAAG, whose resolution is readily achievable.

f. The Plaintiff could not use the toilet paper dispenser without assistance as it was not mounted in the required location. The toilet paper dispenser is not mounted in accordance with Figure 30(d) of the ADAAG, whose resolution is readily achievable.

g. The Plaintiff had difficulty using the toilet without assistance as it was mounted too far from the wall. The water closets are mounted at a non-compliant distance from the wall in violation of Section 4.16.2 of the ADAAG, whose resolution is readily achievable.

h. The Plaintiff could not enter the restroom without assistance as the required door hardware is not provided. The restroom door has improper hardware for disabled patrons, in violation of Section 4.13.9 of the ADAAG, whose resolution is readily achievable.

i. There are permanently designated interior spaces without proper signage in violation of Section 4.1.2 and 4.30 of the ADAAG, whose resolution is readily achievable.

## ACCESS TO GOODS AND SERVICES

j. The Plaintiff could not use the ice machine and ATM as the required clear floor space was not provided. There is insufficient clear floor space to access goods or services at the facility, in violation of Section 4.2.4.1 of the ADAAG, whose resolution is readily achievable.

    k. The Plaintiff could not reach the emergency cut-off switch as it was mounted too high. There are self-service areas with dispensers whose controls are outside of the reach ranges prescribed in Section 4.2 of the ADAAG, whose resolution is readily achievable.

    l. The Plaintiff could not use the counter as it was mounted too high. There are counters throughout the facility in excess of 36", in violation of Section 7.2(1) of the ADAAG, whose resolution is readily achievable.

18. Plaintiff has encountered and has knowledge of numerous inaccessible elements which prevent access and are a threat to the safety of individuals with disabilities in Defendant's facility.

19. Due to the architectural barriers encountered, all areas of the premises were not experienced by Plaintiff. Therefore, the above lists of ADA violations are not to be considered all-inclusive. A *complete* list of violations at the Defendant's facility, and the remedial measures necessary to remove same, will require an on-site inspection by Plaintiff's representatives.[1]

20. These barriers prevent and deter Plaintiff from returning to the subject facility and place of public accommodation to enjoy the goods and services available to the public.

21. Plaintiff has a continuing connection with Chevron as Plaintiff lives approximately eleven (11) miles away from the Chevron, intends to revisit Chevron to get gas or a snack and travels frequently to areas near Chevron.

22. Plaintiff has been denied access to, and has been denied the benefits of, services, programs and activities of the premises and its facilities, and has otherwise been discriminated against and damaged by the Defendant because of Defendant's existing ADA violations, including, but not limited to, those set forth herein.

---

[1] In accordance with Rule 34 of the Federal Rules of Civil Procedure.

23.     The violations present at Defendant's facility violate the ADA and infringe on Plaintiff's right to travel free of discrimination. Plaintiff desires to, and would, patronize Defendant's facility in the foreseeable future if Chevron were made accessible.

24.     Plaintiff is deprived of the meaningful choice of freely visiting Chevron which is readily available to the general public.

## COUNT I
## AMERICANS WITH DISABILITIES ("ADA")
## ACTION FOR INJUNCTIVE RELIEF

25.     This action arises pursuant to Title 42 U.S.C. § 12181, *et seq.* ("Americans with Disabilities Act").

26.     Plaintiff adopts and re-alleges the allegations stated in paragraphs 1 through 24 of this Complaint as if fully stated herein.

27.     At all times relevant to this action, the ADA, 42 U.S.C. § 12101, et seq. was in full force and effect and applies to Defendant's conduct.

28.     At all times relevant to this action, the United States Department of Justice regulations implementing Title III of the ADA, 28 C.F.R Part 36, were in full force and effect and applied to the Defendant's conduct.

29.     The objective of the ADA is to eliminate discrimination against individual with disabilities. Section 302(a) of the ADA, 42 U.S.C. § 12182(a), prohibits discrimination "on the basis of disability in the full and equal of goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

30.     Section 302(b) (2) (A) (iii) of the ADA, 42 U.S.C. § 12182(b) (2) (A) (iii), provides that discrimination that discrimination under the ADA further includes "the failure to

take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services" as defined under § 12102 of the ADA.

31. 28 CFR 36.211 requires accessible elements to be maintained in accordance with the 2010 Americans with Disabilities Act Accessibility Standards.

32. It is therefore necessary to implement and adhere to a policy and procedure whereby all accessible features are properly maintained, kept in proper location, working order and remain compliant.

33. At all times relevant to this action, Plaintiff is a qualified individual with a disability within the meaning of Title III of the ADA, 42 U.S.C. § 12102.

34. At all times relevant to this action, Defendant's facility was a place of public accommodation within the meaning of Title III of the ADA, 42 U.S.C. § 12181 and 28 CFR § 36.104.

35. Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part. 28 CFR 36.201.

36. Plaintiff visited Defendant'sfacility and place of public accommodation which forms the basis of this lawsuit on or about September 15,, 2015, and plans to return to the facility to avail Plaintiff of the goods and services offered to the public therein.

37. Plaintiff has encountered and has knowledge of the architectural barriers at the Defendant's facilitywhich has endangered Plaintiff's safety and discriminated against Plaintiff on the basis of his disability.

38. Defendant has discriminated against the Plaintiff by denying Plaintiff access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the premises, as prohibited by 42 U.S.C. § 12182 *et seq.*, and by failing to remove architectural barriers as required by the ADA.

39. Defendant, through the actions outlined above, has denied Plaintiff the opportunity to participate or benefit from the services, facilities, and accommodations provided by Defendant. 42 U.S.C. §12182; 28 C.F.R. § 36.202.

40. Defendant has deprived Plaintiff the equal opportunity offered to the general public to freely travel without fear of being subjected to discrimination by maintaining a public accommodation with ADA violations and failing to remove such barriers existing at the facility.

41. Defendant's violations of the ADA mentioned above directly caused Plaintiff to sustain past and continuing physical and emotional injuries. Plaintiff has suffered, is suffering, and will continue to suffer irreparable injury as a result of Defendant's pattern and practice of discrimination.

42. Immediate and irreparable injury, loss or damage will result to Plaintiff, and the existing loss and damage will be aggravated, if the Defendant is not enjoined to comply with the ADA. Plaintiff will continue to suffer such discrimination, injury and damage and will be deterred from returning to the premises without the relief provided by the ADA as requested herein. Plaintiff has no adequate remedy at law without the entry of an injunction enjoining Defendant from discriminatory barriers, policies, and practices in violation of the ADA.

43. Plaintiff has suffered, is suffering, and continues to suffer, frustration and humiliation as a result of the discriminatory conditions present at Defendant's facility. Defendant has caused Plaintiff to suffer a sense of isolation and segregation and deprive Plaintiff

the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public by continuing to operate a commercial facility and a place of public accommodation with discriminatory conditions in violation of the ADA.

44. Plaintiff wishes tore-visit the subject premises to avail Plaintiff of the services, programs and/or activities available at the building/property, but also to assure Plaintiff that the subject premises is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination, dignitary harm and threats to their safety, once the architectural barriers to access have been removed and reasonable changes in policy implemented, and it is absolutely clear that the discriminatory behavior and policies alleged herein cannot reasonably be expected to recur.

45. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

46. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees

and gross receipts of $50,000.00 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

47. Pursuant to 42 U.S.C. § 12188, this Court is provided authority to grant Plaintiff's injunctive relief including an order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and/or closing the subject facilities until the requisite modifications are complete.

48. The Plaintiff demands a non-jury trial on all issues to be tried herein.

49. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action, and has agreed to pay his counsel reasonable attorneys' fees, including costs and expenses incurred in this action. Plaintiff is entitled to recover those attorneys' fees, costs and litigation expenses from the Defendant.

**WHEREFORE**, Plaintiff respectfully requests:

A. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.;

B. Injunctive relief against the Defendant including an Order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absences of auxiliary aids and services;

C. Award Plaintiff his reasonable attorney fees, costs and litigation expenses incurred in this action pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505;

D.  Any such other and further relief as this Court may deem proper and just under the circumstances and allowable under Title III of the American with Disabilities Act.

Dated: December 17, 2015

Respectfully Submitted,

LAW OFFICE OF GONZALEZ ZEPEDA

By: _____
PABLO GONZALEZ ZEPEDA
Florida Bar No.: 58692
Park Place of Kendall
13386 SW 128th Street
Miami, Florida 33186
Telephone: (305) 251-5878
Fax: (305)251-5879
Email: service@gzattorneys.com